Matter of Chaplin v New York State Div. of Human Rights (2020 NY Slip Op 04302)





Matter of Chaplin v New York State Div. of Human Rights


2020 NY Slip Op 04302


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2017-12493
 (Index No. 4496/17)

[*1]In the Matter of Willie E. Chaplin, petitioner,
v
New York State Division of Human Rights, et al., respondents.


Gary P. Field, Huntington, NY, for petitioner.
Caroline J. Downey, Bronx, NY (Toni Ann Hollifield of counsel), for respondent New York State Division of Human Rights.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent Copiague Union Free School District.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York State Division of Human Rights dated June 29, 2017, as, upon adopting the alternative proposed order dated May 24, 2017, of adjudication counsel, made after a hearing before an administrative law judge, finding that the Copiague Union Free School District unlawfully discriminated against the complainant by providing a negative employment reference to a prospective employer in retaliation for protected activity in violation of Executive Law § 296, awarded the complainant the sum of only $5,000 for compensatory damages for mental anguish and no damages for, inter alia, lost income, pension benefits, and fringe benefits.
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.
In a related proceeding (Matter of Copiague Union Free School District v Foster, ___ AD3d ___ [decided herewith]), this Court, inter alia, confirmed the June 29, 2017, determination of the Commissioner of the New York State Division of Human Rights (hereinafter SDHR) on the merits. In this proceeding, the complainant, Willie E. Chaplin, seeks review of so much of the Commissioner's determination as awarded him the sum of only $5,000 for compensatory damages for mental anguish and awarded him no damages for, inter alia, lost income, pension benefits, and fringe benefits. The Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804(g) by order dated November 22, 2017.
"Unlawful discrimination having been found, the remedy need only be reasonably related to the discriminatory conduct. Unless the award is so arbitrary and capricious as to constitute an abuse of discretion, it is not erroneous as a matter of law" (Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d 411, 420; see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 217).
Here, the determination to award the sum of $5,000 in compensatory damages for mental anguish is supported by substantial evidence and comparable to other awards for similar injuries (see e.g. Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 900). The determination to not award Chaplin any compensatory damages for, inter alia, lost wages, pension benefits, and fringe benefits was not arbitrary and capricious as to constitute an abuse of discretion given the SDHR's finding that Chaplin failed to present evidence that he was not hired for a particular job as a result of any improper or retaliatory conduct by his former employer (see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d at 420; Matter of Imperial Diner, Inc. v State Human Rights Appeal Bd., 52 NY2d 72, 79).
Accordingly, we confirm the determination insofar as reviewed, deny the petition, and dismiss the proceeding on the merits.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court